IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
MAY 18 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.  No. 4:15-MJ-219

JACK EDWARD MEYER (01)

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief:

On or about May 11, 2015, in the Northern Judicial District of Texas, **JACK EDWARD MEYER**, defendant, unlawfully possessed a firearm after being convicted in a court of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).

I, Special Agent Jessica Radd, Affiant, under oath, duly state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and that the statements set forth in this affidavit are true and correct to the best of my knowledge:

1. On May 11, 2015, Parker County Sheriff's Office Deputies responded to **JACK EDWARD MEYER's** residence at 1122 Wallis Road, Aledo, Texas, regarding a domestic disturbance. **Meyer** advised Deputies that unknown subjects were holding his brother and sister-in-law hostage inside **Meyer's** recreational vehicle (RV), or inside the residence located directly next to the RV. **Meyer** stated that the unknown subjects inside the RV would shoot at **Meyer** and the Deputies. Additionally, **Meyer** advised that the unknown subjects had been in **Meyer's** RV with guns and drugs.

2. Deputies noticed that the door to the RV was open and did not observe anyone inside. There was also no answer at the residence, and it did not appear that anyone was inside. They then asked **Meyer** if he would consent to a search of the RV. **Meyer** agreed and signed a consent to search form.

**Criminal Complaint – Page 1**

3. During the search, Deputies located a fully loaded Beretta, model Stampede, .45 caliber revolver, bearing serial number B27277, and approximately 78.9 grams of suspected methamphetamine under the bed in the RV where **Meyer** currently resides. A presumptive methamphetamine test on the white crystallized substance returned with positive for methamphetamine.

4. **Meyer** appeared paranoid and a Deputy asked **Meyer** if he had used any drugs recently. **Meyer** stated that he had, but did not advise the Deputy what kind of narcotics. Further investigation by the Deputies revealed that **Meyer's** brother and sister-in-law were out of state on vacation and had been out for approximately three weeks.

5. A criminal history check conducted by the Deputies identified **Meyer** as a convicted felon and currently under supervised release for a previous conviction for Unlawful Possession of a Firearm by a Felon.

6. Deputies arrested **Meyer** for Manufacture/Deliver Controlled Substance and Unlawful Possession of a Firearm by a Felon.

7. On May 15, 2015, Parker County Sheriff's Office Deputies arrested **Meyer** again for Manufacture/Deliver Controlled Substance. During the execution of a seizure warrant for MEYER's 2011 Dodge Ram 1500, Deputies located approximately two (2) ounces of suspected methamphetamine inside **Meyer's** vehicle. A presumptive methamphetamine test on the white crystallized substance returned with positive for methamphetamine.

8. On May 15, 2015, I reviewed **Meyer's** criminal history, maintained under FBI number 164093M11, and determined that **Meyer** has fifteen (15) felony convictions for the following charges:

    a. Two (2) Burglary of a Habitation convictions
    b. Two (2) Burglary of a Vehicle convictions
    c. One (1) Burglary of a Building conviction
    d. One (1) Burglary conviction
    e. Five (5) Possession of a Controlled Substance convictions
    f. One (1) Possession of Marijuana Over 20 Grams conviction
    g. One (1) Theft under $20,000 conviction
    h. One (1) Unauthorized Use of Motor Vehicle conviction
    i. One (1) Federal Felon in Possession of Firearm conviction

9. **Meyer** is currently under federal supervised release following a Felon in Possession of a Firearm conviction in 1998 which resulted in 168 months in Bureau of Prisons custody and 5 years of supervised release.

10. On May 15, 2015, ATF Special Agent R. Looper, an Interstate Nexus Expert, reviewed a description of the above firearm and determined that the firearm was manufactured outside the state of Texas and therefore, would have had to move in, and affect interstate commerce to reach the state of Texas.

11. On May 18, 2015, DEA and ATF agents transported **Meyer** from Parker County to the Federal Courthouse in Fort Worth, Texas. Prior to transporting **Meyer**, agents advised him of his rights, which he waived. **Meyer** admitted that the firearm and the drugs were his.

12. Based on the above facts and circumstances, I believe that there is probable cause to believe **Meyer** has violated 18 U.S.C. § 922(g)(1) by unlawfully possessing a firearm after being convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

Jessica Radd, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me on this 18th day of May, 2015, at 2:56 p.m. in Fort Worth, Texas

JEFFREY L. CURETON
United States Magistrate Judge

Criminal Complaint – Page 3